UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JONATHAN JASON AARON,<br><br>               Petitioner,<br><br>      v.<br><br>JOE A. LIZARRAGA, et al., Warden,<br><br>               Respondents. | No. CV 16-1326-AG (PLA)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF ACTION** |

      Jonathan Jason Aaron ("petitioner"), represented by counsel, initiated this action on February 26, 2016, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges petitioner's 2012 conviction in the Ventura County Superior Court, case number 2009038888, for first degree murder (Cal. Penal Code § 187), personal use of a knife in the murder (Cal. Penal Code § 12022(b)(1)), and unlawful sexual intercourse with a minor (Cal. Penal Code § 261.5(c)). (Pet. at 2).[1]

      The Court's review of the Petition shows that it suffers from the following deficiencies:

---

[1] For ease of reference, the Court uses the ECF-generated page numbers when referring to the Petition.

   (1) Although the Petition purports to have been signed by petitioner's attorney (Pet. at 16), it was not signed under penalty of perjury by petitioner as required by 28 U.S.C. § 2242 ("Application for a writ of habeas corpus shall be in writing signed *and verified* by the person for whose relief it is intended or by someone acting in his behalf") (emphasis added); see also Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts ("the petition . . . must be signed *under penalty of perjury* by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242") (emphasis added); and

   (2) Although the Petition indicates that it contains an "attachment A" setting forth petitioner's arguments in support of his grounds for relief (see Pet. at 6, 8, 9), no attachment was included with the Petition.

   Based on the foregoing, the Court orders petitioner to show cause **no later than March 8, 2016**, why the Petition should not be dismissed for failure to comply with 28 U.S.C. § 2242 and Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. Filing of an amended petition correcting these deficiencies shall be deemed compliance with this Order to Show Cause.

   **Failure to respond by March 8, 2016, will result in the instant Petition being dismissed without prejudice**.

DATED:  March 1, 2016

                  PAUL L. ABRAMS
               UNITED STATES MAGISTRATE JUDGE